# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSICA SEYMOUR,<br><br>                Plaintiff,<br><br>vs.<br><br>PETERS AND FREEDMAN LLP, ESCALA MASTER HOME OWNERS ASSOCIATION, TERRACES HOME OWNERS ASSOCIATION, KENNETH KRAUSE, BEN KLINGER, ALBERT MACHHOUR, KEVIN ENRIGHT, VERONICA ORONA-KLINGER, LINDA BULL, DAVID MILLER, KEITH PHILLIPS, ROBERT TARTARO, MARCEE CHIPMAN, MATHEW CAROLL, CATNINE DIXSON,<br><br>                Defendants. | CASE NO. 11-CV-2153 - IEG (CAB)<br><br>**ORDER:**<br><br>**(1) GRANTING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS*;**<br><br>[Doc. No. 2]<br><br>**(2) *SUA SPONTE* DISMISSING COMPLAINT**<br><br>[Doc. No. 1]<br><br>**(3) DENYING AS MOOT MOTION FOR APPOINTMENT OF COUNSEL; MOTION FOR STAY OF FORECLOSURE PROCEEDINGS; AND MOTION FOR DISCLOSURE OF INFORMANT'S IDENTITY**<br><br>[Doc. Nos. 3-5] |

///

1  Plaintiff commenced this action on September 16, 2011, alleging her civil rights were
2  violated. [Doc. No. 1.] Along with her Complaint, Plaintiff submitted a motion to proceed *in*
3  *forma pauperis*, a motion for the appointment of counsel, a motion for stay of foreclosure
4  proceedings, and motion for disclosure of the identity of an informant. [Doc. Nos. 2-5.] Having
5  considered Plaintiff's request, the Court **GRANTS** Plaintiff leave to proceed *in forma pauperis*,
6  **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint, and **DENIES** as moot Plaintiff's
7  remaining motions.

## DISCUSSION

### I. MOTION TO PROCEED IN FORMA PAUPERIS

10  All parties instituting any civil action, suit, or proceeding in a district court, except an
11  application for writ of habeas corpus, must pay a filing fee of $350. See 28 U.S.C. § 1914(a).
12  However, an action may proceed despite failure to pay the filing fee if the party is granted an *in*
13  *forma pauperis* ("IFP") status. See Rodriguez v. Cook, 169 F.3d 1176, 1177 (9th Cir. 1999). The
14  Court may grant IFP status to any party who demonstrates that he or she is unable to pay such fees
15  or give security therefor. 28 U.S.C. § 1915(a).

16  In the present case, having reviewed Plaintiff's motion and declaration in support of the
17  motion, the Court finds that Plaintiff has made a sufficient showing of inability to pay the required
18  filing fees. See Rodriguez, 169 F.3d at 1177. Accordingly, good cause appearing, the Court
19  **GRANTS** Plaintiff leave to proceed *in forma pauperis*.

### II. INITIAL SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)

21  After granting IFP status, the Court must dismiss the case if the complaint "fails to state a
22  claim on which relief may be granted" or is "frivolous." 28 U.S.C. § 1915(e)(2)(B); see also Lopez
23  v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not
24  only permits but requires" the court to *sua sponte* dismiss an *in forma pauperis* complaint that fails
25  to state a claim). In order to properly state a claim for relief, "a complaint must contain sufficient
26  factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v.
27  Iqbal,–U.S.–, 129 S. Ct. 1937, 1949 (2009). A complaint must contain more than a "labels and
28  conclusions" or a "formulaic recitation of the elements of a cause of action;" it must contain factual

1 allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "'The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.'" Id.

4 A complaint is frivolous "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000)). Where a complaint fails to state "any constitutional or statutory right that was violated, nor asserts any basis for federal subject matter jurisdiction," there is no "arguable basis in law" under Neitzke, and the court on its own initiative may decline to permit the plaintiff to proceed and dismiss the complaint under Section 1915. Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995).

11 Plaintiff brings the present action against Defendant Peters and Freedman LLP, Escala Master Home Owners Association, Terraces Home Owners Association, Kenneth Krause, Ben Klinger, Albert Machhour, Kevin Enright, Veronica Orona-Klinger, Linda Bull, David Miller, Keith Phillips, Robert Tartaro, Marcee Chipman, Mathew Caroll and Catnine Dixson. [Doc. No. 1.] Plaintiff's complaint alleges two causes of action: (1) violation of her civil rights pursuant to 42 U.S.C. § 1983; and (2) civil conspiracy to covert real property pursuant to 42 U.S.C. § 1985. [Id.]

**A.     Plaintiff's § 1983 claim**

18 Section 1983 creates a cause of action against any person who, acting under color of state law, deprives a person of his or her constitutional rights. See 42 U.S.C. § 1983. To state a claim for relief under section 1983, Plaintiff must plead two essential elements: (1) that the individual defendants acted under color of state law; and (2) that they caused her to be deprived of a right secured by the Constitution and laws of the United States." Johnson v. Knowles, 113 F.3d 1114, 1117 (9th Cir. 1997). A person acts under color of state law if he "exercise[s] power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" West v. Atkins, 487 U.S. 42, 49 (1988) (quoting United States v. Classic, 313 U.S. 299, 326 (1941)). Section 1983 "excludes from its reach merely private conduct, no matter how discriminatory or wrongful." American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) (citation and internal quotation marks omitted).

1    Plaintiff's complaint is frivolous and fails to state a claim under section 1983. Plaintiff's
2 23-page complaint is comprised of a long string of events containing vague and conclusory
3 allegations regarding an alleged "law enforcement and intelligence vendetta." [Doc. No. 1.] The
4 complaint is unclear on what events form the basis of Plaintiff's claim and how the named
5 Defendants were involved in these events. In addition, Plaintiff appears to be attempting to
6 challenge her foreclosure proceedings. [See Doc. No. 1 Ex. 1, (attaching notice of trustee's sale to
7 complaint); Doc. No. 5 (motion to stay foreclosure proceedings).] However, a § 1983 civil rights
8 action is not the proper vehicle to challenge foreclosure proceedings because non-judicial
9 foreclosure proceedings are a purely private remedy and not state action. See Apao v. Bank of New
10 York, 324 F.3d 1091, 1092-95 (9th Cir. 2003) (holding nonjudicial foreclosure sale of property
11 does not constitute state action), cert. denied, 540 U.S. 948 (2003); Charmicor, Inc. v. Deaner, 572
12 F.2d 694, 695-96 (9th Cir.1978) (holding same). Accordingly, the Court dismisses without
13 prejudice Plaintiff's § 1983 claim.

14    **B.    Plaintiff's § 1985 claim**

15    Plaintiff has also asserted a cause of action for civil conspiracy pursuant to 42 U.S.C. §
16 1985. A claim brought for violation of section 1985 requires four elements: (1) a conspiracy; (2)
17 for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal
18 protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in
19 furtherance of this conspiracy; (4) whereby a person is either injured in his person or property or
20 deprived of any right or privilege of a citizen of the United States. Sever v. Alaska Pulp Corp., 978
21 F.2d 1529, 1536 (9th Cir. 1992) (citation omitted). A racial, or perhaps otherwise class-based,
22 invidiously discriminatory animus is an indispensable element of a section 1985 claim. Sprewell v.
23 Golden State Warriors, 266 F.3d 979, 989 (9th Cir. 2001); see also Griffin v. Breckenridge, 403
24 U.S. 88, 102 (1971) ("The language requiring intent to deprive of equal protection . . . means that
25 there must be some racial, or perhaps otherwise class-based invidiously discriminatory animus
26 behind the conspirators' action.").

27    To state a claim of conspiracy under § 1985, a plaintiff must allege facts with sufficient
28 particularity to show an agreement or a meeting of the minds to violate her constitutional rights.

Margolis v. Ryan, 140 F.3d 850, 853 (9th Cir. 1998); Woodrum v. Woodward County, 866 F.2d 1121, 1126 (9th Cir. 1989). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982); Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 626 (9th Cir. 1988) ("[a] mere allegation of conspiracy without factual specificity is insufficient").

Plaintiff's complaint contains only vague and conclusory allegations of a conspiracy. Plaintiffs complaint does not allege facts showing an agreement by Defendants with sufficient particularity to state a claim for civil conspiracy under section 1985. See Karim-Panahi, 839 F.2d at 626; Ivey, 673 F.2d at 268. In addition, in an effort to challenge her nonjudicial foreclosure proceedings, Plaintiff's complaint appears to be alleging that Defendants conspired to convert her real property. However, Plaintiff's complaint does not contain allegations showing that there was some "invidiously discriminatory animus" behind her foreclosure proceedings. Accordingly, the Court dismisses without prejudice Plaintiff's § 1985 claim.[1]

### III.  PLAINTIFF'S REMAINING MOTIONS

In addition to her complaint, Plaintiff has also filed a motion for appointment of counsel, a motion to stay her foreclosure proceedings, and a motion for disclosure of the identity of an informant. [Doc. Nos. 3-5.] Because the Court dismisses Plaintiff's complaint in its entirety without prejudice, Plaintiff's motions are **DENIED** as moot.

///
///
///
///
///
///

---

[1] The Court notes that Plaintiff has filed other complaints in this district containing similar allegations that were screened pursuant to section 1915 and dismissed for failure to state a claim. See Seymour v. United States Department of Defense, No. 10-cv-770 (S.D. Cal., filed Apr. 13, 2010 [Doc. No. 4]), affirmed by Seymour v. United States Department of Defense, No. 10-55597 (9th Cir., Jun. 15, 2010 [Doc. No. 10]); Seymour v. Department of Homeland Security, No. 10-cv-678 (S.D. Cal., filed Mar. 30, 2010 [Doc. No. 5]); see also Seymour v. State of California, No. 10-cv-1155 (S.D. Cal., removed May 28, 2010).

## CONCLUSION

Based on the foregoing, the Court **GRANTS** Plaintiff's Motion to Proceed *in Forma Pauperis* pursuant to 28 U.S.C. § 1915(a), but **DISMISSES WITHOUT PREJUDICE** Plaintiff's complaint as frivolous and for failing to state a claim upon which relief can be granted. The Court also **DENIES** as moot Plaintiff's motion for appointment of counsel, motion to stay foreclosure proceedings, and motion for disclosure of the identity of informant.

Plaintiff is **GRANTED** thirty (30) days from the date this Order is filed to file a First Amended Complaint addressing the deficiencies of the pleading set forth above. Plaintiff is cautioned her First Amended Complaint must be complete in itself, without relying on references to the original Complaint. Plaintiff is further cautioned any defendant not named or claim not re-alleged will be considered waived. See King v. Attiyeh, 814 F.3d 1172, 1177-79 (9th Cir. 1996).

**IT IS SO ORDERED.**

**DATED:** September 20, 2011

**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**